IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EZELL WALKER
        Plaintiff,

vs.                                                              4:05cv288/MMP/MD

FLORIDA PAROLE COMMISSION,
        Defendant.

---

REPORT AND RECOMMENDATION

      This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1).  Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 4, 5 & 13).

      Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).   A complaint is frivolous under section 1915(e)  "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably

meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that he was convicted of rape in Sebring, Florida and sentenced to life imprisonment. His term of imprisonment began on June 4, 1969. Plaintiff states that he was released on parole on February 13, 1979 and his parole was revoked on February 10, 1988 with a presumptive parole release date ("PPRD") of July 8, 1992. It appears that plaintiff's requests for parole were denied in 1992, and again on 1999, 2001, 2002 and 2003.

Plaintiff complains that there have been changes in the procedures of the Florida Parole Commission ("the Commission") since his conviction, and that said changes have had a detrimental impact on him and are in violation of his constitutional rights. Specifically, he notes that the Commission changed the time period between interviews from "not more than annually" to biennial, and ultimately to every five years. He also complains that the number of commissioners sitting on the review board or panel has been reduced from seven to three. And the Commission now holds what is know as extraordinary review. He appears to claim that these changes are violations of the ex post

facto clause.  He also claims that the procedure of using statements that originated long after his conviction and did not exist at his original sentencing violates the ex post facto clause, and that his inability to contest these statements violates the due process clause. Finally he states that the Commission violates his due process rights because he is not allowed to be present at the final hearing, and his right to counsel by not allowing him to have counsel at the proceedings unless he can afford counsel.

From the attachments to the complaint, the court gleans that the plaintiff at one point had a presumptive parole release date of August 30, 2002.  In December of 1997, a Hearing Examiner recommended that plaintiff's PPRD be reduced by 36 months due to his outstanding institutional adjustment and his clear disciplinary report since his last hearing. This recommendation was rejected by the Commission.  In August of 2001, a Hearing Examiner again recommended a reduction in plaintiff's PPRD, but the recommendation was rejected by the Commission.

Another interview was conducted in December of 2002, based on a PPRD of February 28, 2003, but the Commission did not authorize plaintiff for release because his parole release plan was unsatisfactory.  His PPRD was changed to August 28, 2003, and he was advised that he would be interviewed again in May of 2003.  After Extraordinary Review in June of 2003, the Commission again decided not to authorize plaintiff's Effective Parole Release Date, finding that there was not a reasonable probability that if plaintiff was released on parole, he would be able to live and conduct himself as a respectable and law-abiding person. His PPRD remained August 28, 2003, suspended, and he was advised that he would be reinterviewed for his extraordinary interview in April of 2005.

Plaintiff was interviewed in April of 2005. The Commission found nothing in his record that suggested the prior PPRD should be altered, and again found his proposed parole release plan to be unsatisfactory.  Therefore, the Commission left intact the suspension of his assigned PPRD of August 28, 2003, and informed him that he would be reinterviewed for his extraordinary interview in February of 2010.

The law is well settled that a challenge to the "parole decision process" or guidelines by which the Commission decides who should or should not be released on parole is not

a viable claim.  In *Paschal v. Wainwright*, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the 1978 Objective Parole Guidelines Act which required the Commission to enact guidelines that would be used in making parole release decisions, including the establishment of a presumptive release date and whether release should be granted.  738 F.2d at 1175.  The Eleventh Circuit explained in *Paschal* that "[a] law which is merely procedural and does not add to the quantum of punishment . . . cannot violate the ex post facto clause even if it is applied retrospectively."  *Id.*, at 1176 (*citing Weaver v. Graham*, 450 U.S. 24, 32-33, 101 S.Ct. 960, 966, n.17, 67 L.Ed.2d 17 (1981)).  The court also has held that the ultimate discretion about granting parole is with the Parole Commission "and that because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation."  *Johnson v. Wainwright*, 772 F.2d 826, 827 (11th Cir. 1985), *explaining Paschal*.  Therefore, plaintiff in this case does not have an ex post facto claim based on changes in the procedural guidelines which were used to set or review his presumptive parole release date.

Furthermore, Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ."  *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986) (*citing Moore v. Florida Parole & Probation Comm'n*, 289 So. 2d 719 (Fla. 1974)).  "There is no constitutional right to parole in Florida."  *Jonas*, 779 F.2d at 1577 *(citing Hunter v. Florida Parole & Probation Comm'n*, 674 F.2d 847, 848 (11th Cir. 1982)).[1]  In *Hunter v. Florida Parole & Probation Commission*, the Court rejected a claim that the Commission improperly calculated a presumptive parole release date and, thus, violated due process, holding that because there was no liberty interested in parole, there was no due process violation.  *Hunter*, 674 F.2d at 848.  To the extent plaintiff makes a general due process claim, this claim must also fail.  Plaintiff has neither a constitutional nor a statutory right to be present at a hearing at which his parole

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right."  FLA. STAT. § 947.002(5).

*Case No: 4:05cv288/mmp/md*

status is discussed.

Plaintiff has also alleged a denial of the right to counsel. There is a right to counsel under some circumstances at parole and probation revocation hearings. *Ponte v. Real,* 471 U.S. 491, 512, 105 S.Ct. 2192, 2204 85 L.Ed.2d 553 (1985) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 279 (1973)). However, plaintiff is not in a situation where parole or probation is being revoked. There is no constitutionally recognized right to counsel at parole hearings, where the case of a parole-seeking inmate is discussed. In *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 15, 99 S.Ct. 2100, 2108, 60 L.Ed.2d 668 (1979), the Supreme Court held that an inmate's right to due process was satisfied in a parole hearing where the state "affords an opportunity to be heard, and when parole is denied it informs the inmate in what respect he falls short of qualifying for parole." See also *Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929 (11th Cir. 1986) (prisoners have no right to counsel at hearings which merely determine, rather than revoke, parole); *Cruz v. Skelton*, 543 F.2d 86 (5th Cir. 1976) (same); *Redd v. Marshall*, 29 F.3d 634, n.7 (9th Cir. 1994) (citing *Greenholtz)*.

Finally, plaintiff's contention that the Commission has the practice of holding extraordinary hearings without any notice is clearly without any factual basis, as attachments to the complaint show that plaintiff was advised in writing well in advance of the date of his next extraordinary interview.

Based on the foregoing, plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983. Therefore, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

*Page 6 of 6*

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 20th day of January, 2006.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).