IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EZELL WALKER,

    Plaintiff,

v.                                CASE NO. 4:05-cv-00288-MP-MD

MONICA DAVID,
FRED DUNPAY,
FL PAROLE COMMISSION,
TENA PATE,
STATE OF FLORIDA,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 15, Report and Recommendations of the Magistrate Judge, recommending that the section 1983 complaint filed Ezell Walker be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The plaintiff objected, docs. 17 and 19.  For the reasons below, the Report and Recommendation is adopted.

Plaintiff was sentenced to life imprisonment in Florida state court in 1969.  He was released on parole in 1979, but violated parole and was re-incarcerated in 1988.  He has been denied parole ever since and argues that applying subsequent changes to the parole eligibility guidelines violates the *ex post facto* and due process clauses of the Constitution.  After the Magistrate Judge correctly pointed out in his Report and Recommendation that such claims have been squarely rejected, see, e.g., Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), Plaintiff asserted in his objections that this rule was overturned by the Supreme Court holding in Wilkinson v. Dotson, 544 U.S. 74 (2005).

However, Dotson merely addresses a procedural question: i.e., whether prisoners wishing

to challenge state procedures used to deny parole eligibility and parole suitability can do so pursuant to a § 1983 claim or whether they are limited to pursuing such claims only in a habeas petition.  Dotson did not speak to the substantive issue in that case and the instant case: i.e., whether applying new parole guidelines retroactively to deny parole eligibility violates the Constitution.  Therefore, cases like Paschal are not altered by the Dotson case and remain the law of the land.

"A law which is merely procedural and does not add to the quantum of punishment . . . cannot violate the ex post facto clause even if it is applied retrospectively." Paschal, 738 F.2d at 1176 (*citing* Weaver v. Graham, 450 U.S. 24, 32-33, 101 S.Ct. 960, 966, n.17, 67 L.Ed.2d 17 (1981)).  Also, a statute which provides for the mere possibility of parole does not create a liberty interest protected by due process for the reason that it depends wholly on the unfettered exercise of discretion by a board or other authority.  "There is no constitutional right to parole in Florida." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), cert. denied, 479 U.S. 830 (1986).  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this  *17th*   day of April, 2006

      *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge